MARK D. LONERGAN (State Bar No 143622)
mdl@severson.com
EDWARD R. BUELL (State Bar No. 240494)
erb@severson.com
GURINDER S. GREWAL (State Bar No. 277975)
gsg@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY or LORRAINE PITRE,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A. MORTGAGE SERVICER: ALSO KNOWN AS ASC (AMERICA'S SERVING COMPANY) NORTHWEST TRUSTEE SERVICES<br><br>Defendants. | Case No. 13cv00552 WHA<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT [FRCP 12(B)(6)]**<br><br>Date:         April 11, 2013<br>Time:        10:00 a.m.<br>Courtroom:   B, __15th Floor<br>                       San Francisco, CA |

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendant WELLS FARGO BANK, N.A ("Wells Fargo"), respectfully submits the following memorandum of points and authorities in reply to the opposition of plaintiffs RICKY and LORRAINE PITRE ("Plaintiffs") to Wells Fargo's Motion to Dismiss the Complaint.

## I. INTRODUCTION

Plaintiffs' Opposition to the Motion to Dismiss is even more incoherent than their Complaint. The Opposition makes references to an "amended complaint" that does not exist, cites

inapplicable legal authority, and mischaracterizes Wells Fargo's arguments. The Court should be unconvinced by the Opposition, and should grant Wells Fargo's Motion to Dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

## II. ARGUMENT

### A. Plaintiffs Do Not Have A Cause Of Action For Failure To Modify The Loan

In their opposition, Plaintiffs assert that "Defendant seems to argue throughout its motion that it cannot be held accountable for negligent or fraudulent conduct, so long as the conduct occurs within the context of a loan modification request." Opposition to Motion to Dismiss ("Opp.") at p. 4 ¶ 1. Plaintiffs then assert that "Plaintiffs allege that Defendant made the false representations outlined in paragraphs 37.1 through 37.3." Opp. at p. 4 ¶ 3. Finally, Plaintiffs conclude, "A bank may be held liable for the actionable damages caused by its misrepresentations, even if the statements were made in connection with a modification request." *Id.*

First and foremost, the false representations Plaintiffs reference as being outlined in paragraphs 37.1 through 37.3 are nonexistent. There are no paragraphs that begin with 37.1, 37.2, or 37.3 in the Complaint. Moreover, Paragraph 37 of the Complaint pertains to allegations that Plaintiff was misinformed about a lower interest rate. It is unclear where Plaintiff outlined the allegedly false representations, but they are not contained in the Complaint.

As pointed out in Wells Fargo's Motion to Dismiss, Plaintiffs claims fail insofar that they allege false oral representations created an oral contract between Plaintiffs and Wells Fargo because an oral agreement to modify a mortgage loan, including an agreement to forbear on foreclosure, is unenforceable. *See Secrest v. Security Nat'l Mortg. Loan Trust* 2002-2, 167 Cal.App.4th 544, 552 (2008); Cal. Civ. Code, §§ 1624(a)(3), 1698, 2922. The only enforceable contract at issue here is the Deed of Trust, with which Plaintiffs admit they failed to comply. *See* Complaint at ¶ 55. Plaintiffs cannot sue for breach of contract where there is an admission that Plaintiffs are in breach of the contract. *See Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135 (E.D. Cal. 2009); *see also* Cal. Civ. Code §. 1439. Nor can Plaintiffs sue where they are not damaged by the foreclosure. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 961 (9th Cir. 2001).

Plaintiffs assert that *Allen v. CitiMortgage, Inc.*, No. CCB-10-2740 (D. Md. Aug. 4, 2011) supports Plaintiffs moving forward with their causes of action as pled. Although *Allen* is not binding on this Court, it nevertheless involves a set of facts wholly unrelated to the set of facts in the present case. *Allen* involved a complaint arising out of the loan servicer's approving the plaintiffs for a loan modification pursuant to a Trial Period Plan ("TPP") agreement, thereby lowering their monthly payments, but then reporting to credit agencies that the plaintiffs were in arrears on their payments for the difference between the higher original monthly payment and the modified lower monthly payment for the months that the plaintiffs were complying with the modified lower monthly payment. *See id.* at pp. 1-5. Accordingly, the plaintiffs brought a cause of action for breach of contract with respect to the TPP agreement. *Id.* The *Allen* Court specifically denied the defendants motion to dismiss the breach of contract cause of action because of the existence of the TPP agreement. *See id.* at pp. 7-10.

Plaintiffs in the instant case are not bringing a breach of contract action pursuant to any loan modification or TPP agreement. They are bringing a breach of contract action for the alleged failure to approve them for a loan modification, unlike the plaintiffs in *Allen*. Thus, contrary to Plaintiffs argument in their Opposition to the Motion to Dismiss, *Allen* provides no support for their causes of action moving forward.

**B.    The Complaint Fail To Sufficiently Plead Fraud**

Plaintiffs assert that "Defendant argues that the amended complaint fails to allege any false representations." Opp. at p. 6 ¶ 2. Plaintiffs then point out various allegations that Plaintiffs state Wells Fargo "overlooks." *Id.* However, none of these allegations are contained in the Complaint, and Wells Fargo is unaware of any "amended complaint." The operative Complaint fails to state with sufficient particularity the "…the names of the persons who made the representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mutual Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 159; *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also* Fed. R. Civ. Proc. 9(b). Thus, Plaintiffs again fail to provide support for their argument that the Complaint is sufficiently pled.

### C. Plaintiff Cannot Establish A Negligence Cause Of Action

Plaintiffs state that "a duty must exist in this case," without actually alleging sufficient facts in their Complaint that support such a duty. Opp. at p. 18 ¶ 3. Lenders generally owe no duty of care, nor a fiduciary duty, to borrowers. *See Nymark v. Heart Fed. Sav. & Loan Ass'n*, (1991) 231 Cal.App.3d 1089, 1093 n.1, 1096; *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 476 (1989); *Marks v. Ocwen Loan Servicing*, No. 07-2133, 2009 WL 975792, at *7 (N.D.Cal. Apr. 10, 2009); *see also, Fortaleza v. PNK Financial Serv. Group Inc.*, 642 F.Supp.2d 1012,1025 (2009) [a "commercial lender is entitled to pursue its own economic interests in a loan transaction."]. The Complaint is completely devoid of facts establishing that "the lender 'actively participate[d]' in the financed enterprise 'beyond the domain of the usual money lender' [Citations]." *Wagner v. Benson* (1980) 101 Cal.App.3d 27, 35.

What is more, Plaintiffs Complaint does not and cannot establish damages compensable by a cause of action in tort. The Complaint appears to be for wrongful foreclosure. Plaintiffs have not suffered any physical harm. Thus, Plaintiffs fail to state a legally cognizable claim for negligence.

### III. CONCLUSION

Plaintiffs' Complaint fails to state a claim upon which relief may be granted. Accordingly, Wells Fargo requests that its Motion to Dismiss Plaintiffs' Complaint be granted without leave to amend and judgment entered in favor of Wells Fargo.

DATED: March 29, 2013

SEVERSON & WERSON
A Professional Corporation


By: */s/ Gurinder S. Grewal*
       Gurinder S. Grewal

Attorneys for Defendant
Wells Fargo Bank, N.A.