IN THE UNITED STATS DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY AND LORRAINE PITRE,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. MORTGAGE SERVICER: ALSO KNOWN AS ASC (AMERICA'S SERVICING COMPANY); NORTHWEST TRUSTEE SERVICES<br><br>Defendants | No C 13-00552 WHA<br><br>**REPLY BRIEF IN SUPPORT OF MOTION**<br><br>Date: August 1, 2013<br>Time: 8:00 a.m.<br>Courtroom: 8, 19th Floor<br>San Francisco, CA |

## INTRODCUTION

The Plaintiffs are seeking a loan modification and are doing everything in their power to solicit help from the Court to grant Plaintiffs with a loan modification. Plaintiffs are entitled to a fair and transparent loan modification where Wells Fargo is supposed to follow the servicing standards that are part of the National Mortgage Settlement as well as the laws of the California Homeowners' Bill of Rights (HOBR) which Wells Fargo failed to do. Because of these violations, this lawsuit is justified and is not considered a futile lawsuit. The Civil Code 2924.11 Section 15 states that while you are in a loan modification you cannot have a sale date which became effective January 1, 2013 and plaintiffs

1

1  received 4 sales dates: January 24, 2013, February 1, 2013, February 11, 2013, March 11, 2013 while
2  actively pursuing a loan modification with Wells Fargo. VeriTrust was hired to determine if Wells
3  Fargo violated any laws and as a consequence the sale date is postponed. If Plaintiffs did not bring
4  forth a case against Wells Fargo, Plaintiffs property would have been sold without Wells Fargo fairly
5  meeting the guidelines of the loan modification servicing standards as well as the HOBR requirements.
6
7                                          **STATEMENT OF FACTS**
8  Per the Court's request, Plaintiffs met with Wells Fargo's attorney, Gurinder S. Grewal, via
9  teleconference to start the loan modification process with Wells Fargo. Plaintiffs were not initially
10 able to satisfy Wells Fargo's loan modification requirements which resulted in being denied three
11 times with no explanation. After being denied, Wells Fargo had the Plaintiffs start a new loan
12 modification and each time Plaintiffs were denied. As described in the Proposed Amended Complaint,
13 this process lasted over a year. To prevent this from happening again, on May 30, 2013, Plaintiffs
14 hired CDA Law Center located at 180 Avenida La Pata, Suite 204 San Clemente, CA 92673 to prepare
15 and submit Plaintiffs' financial loan modification package to Wells Fargo via Gurinder S. Grewal.
16 CDA's attorney, Robert Scurrah, met via teleconference with Gurinder S. Grewal informing him that
17 their company would be submitting the financial loan modification package to him. According to an
18 email submitted to Plaintiffs on July 10, 2013 from the CDA Law Center, they will be sending
19 Plaintiffs' documents via Fed Ex to Gurinder S. Grewal on July 10, 2013.
20 As stated above, Plaintiffs were denied a loan modification with no explanation of the denial and
21 according to the servicing standards that is part of the National Mortgage Settlement; the Servicer is to
22 provide customers with an explanation for denial. Currently there are more than 300 servicing
23 standards required by the National Mortgage Settlement. The Servicers were required to be fully
24 compliant with the servicing standards by October 2, 2012. The following is part of the servicing
25 standards that are required to a customer when the customer has been denied a loan modification:
26                                                    2

"When a first lien loan modification is denied after independent review, Servicer shall send a written non-approval notice to the borrower identifying the reasons for denial and the factual information considered. The notice shall inform the borrower that he or she has 30 days from the date of the denial letter declination to provide evidence that the eligibility determination was in error. For those cases where a first lien loan modification denial is the result of an NPV calculation, Servicer shall provide in the written non-approval notice the monthly gross income and property value used in the calculation."

This is not only a problem with Plaintiffs' loan but other customers are experiencing the same problem from Wells Fargo. Attorney General Eric T. Schneiderman is intending to sue Bank of America and Wells Fargo for "repeatedly violating the terms of the National Mortgage Settlement." This article regarding the intended lawsuit was released on May 6, 2013, and it states the concerns and complaints customers are experiencing.

The Monitor of the National Mortgage Settlement released a summary of the five compliance reports submitted to the United States District Court for the District of Columbia on June 19, 2013. This summary includes information about the banks: Wells Fargo, Bank of America, Chase, Citi and ResCap Parties. The report found Wells Fargo failed to comply with the servicing standards governing the timeline for notifying borrowers of deficiencies in applications for mortgage modifications which Plaintiffs have experienced this problems as well.

Plaintiffs were denied a loan modification on three separate occasions without providing Plaintiffs with a reason for the denial nor did Wells Fargo inform Plaintiffs that borrowers has 30 days from the date of the denial letter to provide evidence that the determination of the denial was in error. Because Plaintiffs were never given a reason why they were denied and Wells Fargo kept having them resubmit a new loan application, Plaintiffs became further indebted while Wells Fargo continued with sale dates. In addition to becoming further indebted, the Plaintiffs endured a significant amount of stress knowing that their property was going to be sold and Plaintiffs had no choice but to file a lawsuit to

solicit help from the Court to ensure Plaintiffs will get a fair and transparent loan modification that will comply to all rules and regulations that have been outlined in the National Mortgage Settlement.

A statistic that concerns Plaintiffs is that according to Attorney Jeffrey K. Berns of Woodland Hills alleges that of the 66,000 requests for loan modifications made in the 18 months ending September 30, 2013, Wells Fargo granted 1,746, or 2.6%. This information was retrieved from a December 12, 2012 article in the Los Angeles Times. This statistic is alarming. Knowing all the problems Wells Fargo is having with their customers trying to secure a loan modification only emphasizes the need for the Court to help Plaintiffs secure a loan modification.

## CONCLUSION

For all the above reasons, Plaintiffs respectfully request the Court order Defendants to provide Plaintiffs with a loan modification. In the case *Wachovia Mortgage Corporation vs. Paul J. Posti*, the Court ordered the defendants to enter into a permanent loan modification.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against the Defendants for a loan modification.

Respectfully submitted by  _/s/ Ricky Pitre_

Ricky Pitre
Pro se

Respectfully submitted by  _/s/ Lorraine Pitre_

Lorraine Pitre
Pro se

Dated: 7/10/13

4