IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICKY AND LORRAINE PITRE,

Plaintiff,

v.

WELLS FARGO BANK, N.A. MORTGAGE SERVICER: ALSO KNOWN AS ASC (AMERICA'S SERVICING COMPANY); NORTHWEST TRUSTEE SERVICES,

Defendants.
                                                      /

No. C 13-00552 WHA

**ORDER DENYING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

### INTRODUCTION

In this action arising out of a trustee sale, plaintiffs move for leave to file an amended complaint. This motion follows a previous order granting defendants' motion to dismiss all of plaintiffs' claims. For the reasons stated below, plaintiffs' motion is **DENIED**.

### STATEMENT

Pro se plaintiffs Ricky and Lorraine Pitre's claims against defendants Wells Fargo Bank, N.A., and Northwest Trustee Services arise out of an attempt to invalidate a trustee sale. Plaintiffs Ricky and Lorraine Pitre acquired a loan from Wells Fargo in 2001 to purchase a residential property in Richmond, California. Plaintiffs do not allege that they live there. Plaintiffs contacted Wells Fargo in January 2012, told Wells Fargo they were unable to make their payments, and inquired whether they could qualify for a loan modification. Wells Fargo

1  told plaintiffs they had to be three months behind their loan payments before they could start the
2  loan modification process. In alleged reliance on this statement, plaintiffs fell behind on their
3  payments for three months. The first amended complaint alleges Wells Fargo denied the loan
4  modification three times, each time failing to specify why the loan modification was denied
5  (Compl. ¶ 55; Amd. Compl. at 1–2).

6  The first denial of plaintiffs' loan modification occurred in July 2012. Plaintiffs mailed
7  their initial set of loan modification documents to Wells Fargo in May. On July 26, plaintiffs
8  received a notice of default, which stated that it had been recorded on July 16. On July 31,
9  plaintiffs received a letter from Wells Fargo's Home Preservation Department stating the parties
10 were unable to reach a mutual agreement regarding the options available to assist the Pitres with
11 their situation. This denial did not provide specifics why the loan modification was denied
12 (First Amd. Compl. at 3).

13 Plaintiffs were denied a loan modification a second time later in 2012. They contacted
14 the home preservation department in August 2012 and spoke to a representative about
15 submitting a loan modification. The representative told plaintiffs to submit another
16 modification package by fax. Plaintiffs submitted a complete application in August 2012. In
17 early September 2012, plaintiffs received a second denial from Wells Fargo. This denial did not
18 explain why the loan modification was denied (*ibid.*).

19 Plaintiffs submitted a third loan modification request in September. They received a
20 letter stating that Wells Fargo had received the documents and were assigned home preservation
21 specialist Ryan Smart. Specialist Smart sent plaintiffs a letter of introduction. The next day,
22 plaintiffs faxed him a loan application with supporting documentation. On November 11,
23 Specialist Smart requested additional materials: a hardship letter, updated profit and loss
24 statements, updated bank statements, and updated mortgage statements. Three days later,
25 plaintiffs submitted the requested documents. In late November, plaintiffs received notice of a
26 trustee's sale scheduled for January 11, 2013 (*id.* at 3–4).

27 One month after receiving notice of a trustee's sale, plaintiffs received a letter from
28 Specialist Smart, which stated that Wells Fargo was not able to help them find a mortgage

solution. This was the third denial, again with no explanation why Wells Fargo could not assist plaintiffs with a loan modification. That same day, plaintiffs received a letter advising them that the sale date of the residential property was postponed to January 23, 2013 (*id.* at 4–5).

In mid-January 2013, plaintiffs received a second notice that the trustee's sale would be held on January 23. On January 23, plaintiffs hired VeriTrust, a company specializing in delaying trustee sales dates, to help them delay sale. That same day, plaintiffs received notice that the trustee's sale was postponed one day to January 24 (*id.* at 5).

On February 7, plaintiffs filed their complaint. On March 1, defendants moved to dismiss. After a hearing, defendants' motion to dismiss was granted on May 17. On June 12, plaintiffs moved for leave to amend their complaint and submitted a proposed amended complaint. A hearing on plaintiff's motion for leave to file an amended complaint was held on August 1, 2013.

Before the merits of plaintiffs' motion to amend were considered, both parties were required to meet and confer over plaintiffs' potential loan modification several times. On August 1, plaintiffs' motion for leave to file an amended complaint was held in abeyance and defendant Wells Fargo was ordered to process plaintiffs' loan modification request. Both parties were ordered to attend a hearing on August 15 to discuss the status of the loan modification request. On August 15, Defendant Wells Fargo stated under oath that it did not have sufficient information to process the loan modification request. Defendant Wells Fargo was ordered to submit to plaintiffs an email listing the exact information it required and was further ordered to notify the Court by August 19 when it had received all of the necessary documentation. Another hearing was set for August 22 to discuss the status of the loan modification request. On August 21, Defendant Wells Fargo notified the Court that it had received all necessary documentation and requested additional time to consider the loan modification request. The August 22 hearing was vacated. Both parties were ordered to file a joint status update on August 30, and another hearing was scheduled for September 5 to discuss the loan modification request. On August 29, plaintiffs notified the Court that defendant Wells Fargo denied their loan modification request and asked for more time to file an "appeal" that

1    defendant Wells Fargo offered to them. On August 30, defendant Wells Fargo moved to vacate
2    the September 5 hearing. The September 5 hearing was vacated.

3        The Court is satisfied that defendant Wells Fargo has considered and denied plaintiffs'
4    loan modification request in good faith. This case will not be delayed pending further "appeals"
5    that defendant Wells Fargo offers to plaintiffs.

**ANALYSIS**

7        Pursuant to Rule 15(a)(2), leave to amend should be freely given where justice so
8    requires, absent a showing of bad faith, dilatory motive, or undue prejudice. Leave to amend
9    may be denied, however, if the proposed amendment is futile or would be subject to dismissal.
10   *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

11       Plaintiffs' amended complaint alleges that Wells Fargo (1) was negligent in handling
12   their a loan modification requests and (2) wrongfully failed to provide a specific reason why
13   plaintiffs were denied a loan modification in violation of California Civil Code Section
14   2924.11(b).

    **1.    NEGLIGENCE**

16       To state a claim for negligence, a plaintiff must allege: (1) the defendant's legal duty of
17   care to the plaintiff, (2) breach of that duty, (3) causation, and (4) resulting injury to the
18   plaintiff. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). As a general rule, under
19   California law, "a financial institution owes no duty of care to a borrower when the institution's
20   involvement in the loan transaction does not exceed the scope of its conventional role as a mere
21   lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095–96
22   (1991). But "liability to a borrower for negligence arises only when the lender actively
23   participates in the financed enterprise beyond the domain of the usual money lender." *Id.* at
24   1096 (internal quotations and citations omitted).

25       The undersigned judge has previously found a duty of care where:

> the complaint allege[d] that defendant went beyond its role as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and to engage with them concerning the trial period plan. Contrary to defendant, this is precisely "beyond the domain of a usual money lender." Plaintiff's allegations constitute[d] sufficient active participation to create a duty of care to plaintiffs to support a claim for negligence.

4

*Ansanelli v. J.P. Morgan Chase Bank N.A.*, 2011 WL 1134451, at *11 (N.D. Cal. Mar. 28, 2011). In *Ansanelli*, the lender engaged with plaintiffs by *agreeing* to a trial modification plan and *guaranteeing* plaintiffs a permanent modification if they made timely payments in the modified amount for three months; the lender then revoked after plaintiffs made these payments. *Id.* at 1. The operative complaint here alleges that Wells Fargo informed plaintiffs of its policy of not initiating a loan modification process until borrowers were three months behind on payments (Amd. Compl. at 2). The complaint does not allege that Wells Fargo agreed to provide a loan modification or guaranteed it would provide a modification if plaintiffs fell three months behind on their payments; Wells Fargo simply informed the Pitres of the standard policy. That the Pitres were allegedly assigned a home preservation specialist who answered their letters, spoke with them on the phone, and requested additional documents does not indicate an abnormal practice of a money lender. To the contrary, it has been law since January 1, 2013, that lenders and loan servicers must designate a single point of contact for each borrower in default. Cal. Civ. Code Section 2923.7.

Even if the complaint alleged specific facts that Wells Fargo agreed to a trial modification or guaranteed a loan modification, plaintiffs have again insufficiently pled the breach of duty and causation elements of negligence.

### 2. WRONGFUL FORECLOSURE

The complaint's second claim is that Wells Fargo violated California Civil Code Section 2924.11(b), which states that following the denial of a loan modification application, the mortgage servicer shall send a written notice to the borrower identifying with specificity the reasons for denial. Cal. Civ. Code Section 2924.11 (West 2012 & Supp. 2013). The complaint alleges defendants violated this provision three times by not providing plaintiffs with specific reasons why Wells Fargo denied plaintiffs' loan modification requests (Amd. Compl. at 8).

Defendants argue in opposition that it is "far from clear which statute or subdivision" the complaint refers to (Dkt. No. 42 at 2). Not so. While it is not immediately obvious to what statute the complaint's citation "Civil Code 2924.11 Section 15" refers, it is fairly clear from the context of the allegations that it refers to California Civil Code 2924.11(a–b). Plaintiffs'

citation that reads "SEC. 15.  Section 2924.11" comes from the text of laws from the 2011–2012 regular session.   Had defendants simply examined West's Legislative Service book, it would have been clear which statute the complaint refers to.  212 Cal. Legis. Serv. 2313 (West).  Plaintiffs quote the relevant passage in full.

> (a)  If a borrower submits a complete application for a foreclosure prevention alternative offered by, or through, the borrower's mortgage servicer, a mortgage servicer, trustee, mortgagee, beneficiary, or authorized agent shall not record a notice of sale or conduct a trustee's sale while the complete foreclosure prevention alternative application is pending, and until the borrower has been provided with a written determination by the mortgage servicer regarding that borrower's eligibility for the requested foreclosure prevention alternative.
> (b) Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrowers identifying with specificity the reasons for the denial and shall include a statement that the borrower may obtain additional documentation supporting the denial upon written request to the mortgage servicer.

*Plaintiffs argument, however, is of no moment because subsection (g) clearly states that this section shall not become operative until January 1, 2018.*

## CONCLUSION

For the reasons stated above, plaintiffs' motion for leave to amend is **DENIED**.  As plaintiffs have already been given fair opportunity to plead a cognizable claim, but have failed to do so, no further motions for leave to amend will be allowed.  Judgment for defendants will be entered by a separate order.  This case is over in the district court and plaintiffs should be mindful of their deadlines for filing and perfecting an appeal.

**IT IS SO ORDERED.**

Dated: September 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6